UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WRM AMERICA INDEMNITY COMPANY, INC., ) ) ) Plaintiff, ) ) vs. ) ) SIEMENS BUILDING ) TECHNOLOGIES, INC., ) ) Defendant. ) | Cause No. 2:12-cv-73-WTL-WGH |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Defendant's motion to dismiss (dkt. no. 6). The motion is now fully briefed, and the Court, being duly advised, rules as follows.

## I.   STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## II.   BACKGROUND

The facts as alleged in the Complaint are as follow. In June 2005, Saint Mary-of-the-Woods College ("Saint Mary") and Defendant Siemens Building Technologies, Inc. ("Siemens")

entered into a written agreement by which Siemens was to design and install a fire and smoke detection system at Le Fer Hall and Guerin Hall and network the existing fire system on campus.

According to Saint Mary, Siemens conducted physical inspections of the Saint Mary buildings in question and made unilateral decisions as to the type of detection devices to install in the buildings and the location of those devices. Siemens warranted to Saint Mary that its fire and smoke detection system was designed and installed to the highest standards in the industry. Siemens also warranted to Saint Mary that its designers were of the highest quality of expertise.

Around 12:30 p.m. on August 31, 2010, while school was in session at Saint Mary, a fire alarm sounded in Guerin Hall. However, the paging system portion of Siemens' fire alarm system failed to operate. In addition, the fire alarm system designed and installed by Siemens was not arranged to automatically notify the local fire department. On being alerted of the fire alarm, the staff at Guerin Hall contacted the Security Director. The failure of the paging system delayed the Director from reporting to Guerin Hall. Saint Mary authorities promptly alerted the local fire department and the fire was extinguished. However, damages due to fire, smoke, and water totaled approximately $900,000.

During the post-fire investigation, Saint Mary learned that Siemens had failed to install any smoke or fire detection devices in the basement of Guerin Hall. Accordingly, the fire went undetected until smoke had moved to the upper floors of the building, substantially delaying detection and suppression. According to Saint Mary, had detectors been installed in the basement of Guerin Hall, the smoke and fire would have been detected earlier and the vast majority of the damage could have been avoided.

The Plaintiff in this case, WRM America Indemnity Company ("WRM"), is Saint Mary's insurer. Pursuant to the insurance policy between Saint Mary and WRM, WRM is entitled as

subrogee to bring suit against Siemens for the damages incurred in the fire. Accordingly, on January 19, 2012, WRM filed suit against Siemens in Vigo County Superior Court, alleging claims for breach of contract, breach of express warranty, breach of implied warranty, negligence, and gross negligence. With respect to each claim, WRM seeks compensation for damages as well as its attorneys' fees and, where applicable, punitive damages. Siemens removed the case to this Court and has now moved to dismiss all but the breach of contract claim.

### III.   DISCUSSION

In its Counts II and III, WRM asserts causes of action for breach of express warranty and breach of implied warranty against Siemens. WRM alleges that Siemens made express warranties "outside the contract" in the form of verbal statements, written documents, and marketing materials and also impliedly warranted to Saint Mary regarding the capability of the system, its level of competency, and the functioning of the system. WRM's claims must be dismissed, Siemens argues, because its claims are contradicted by the contract, which provides that the written warranties in the contract are "in lieu of and exclude all other warranties, statutory, express, or implied." Furthermore, Siemens argues, the warranty claims are barred by the contract's integration clause. The Court agrees with Siemens.[1]

As an initial matter, the Court notes that WRM argues that the UCC is inapplicable to the contract at issue because the contract is one for services. *See* 810 ILCS 5/2-102 ("this Article

---

[1] The parties disagree over what law applies to each claim. To the extent that resolution of the motion to dismiss the warranty claims relies on contract interpretation, the analysis is governed by Illinois law pursuant to the terms of the contract. Resolution of the negligence claims relies on tort law; as the contract does not purport to apply beyond its own terms, the resolution of the negligence claims is governed by Indiana law. *See Kuehn v. Childrens Hospital, Los Angeles*, 119 F.3d 1296, 1302 (7th Cir. 1997) ("A [choice-of-law] provision will not be construed to govern tort as well as contract disputes unless it is clear that this is what the parties intended.").

applies to transactions in goods"). Assuming for the purposes of this motion that WRM is correct, the implied warranties of the UCC do not arise, *Brandt v. Boston Scientific Corp.*, 792 N.E.2d 296, 303 (Ill. 2003) (UCC's implied warranties "appl[y] only if a mixed contract is predominantly for goods and only incidentally for services"), and it is unclear whether implied warranties otherwise arise in a contract for services, *see Insul-Mark Midwest, Inc. v. Modern Materials, Inc.*, 594 N.E.2d 459, 466 (Ind. Ct. App. 1992) (declining to imply warranty of quality as term of service contract, but leaving "for another day the question whether implied warranties are appropriate in consumer service transactions"), *adopted in part by* 612 N.E.2d 550, 556 (Ind. 1993); *Stewart Warner Corp. v. Burns Int'l Sec. Servs., Inc.*, 343 F. Supp. 953, 954 (D. C. Ill. 1972) (finding no authority in Illinois for expanding doctrine of implied warranties to cover sales of services). Thus, it is not clear whether, as a matter of law, any implied warranties can arise under the contract at issue. Regardless, even if implied warranties arise under this type of contract, WRM's claim for breach of implied warranty must fail in the face of the contractual disclaimer.

      Article 6.3 of the contract explicitly disclaims warranties other than those described in a previous provision of the contract, and while WRM attempts to skirt the disclaimer by arguing that it (1) was not part of the contract; and/or (2) renders the contract ambiguous, neither of these theories carries the day for WRM.

      WRM first argues that the disclaimer clause was "neither signed, initialed nor accepted by Saint Mary's" and was "buried" in a three-page set of unsigned conditions, which conditions were not part of the contract. However, WRM ignores that the disclaimer is found in the exhibit it attached to its Complaint, which exhibit it described as "a true and complete copy" of the agreement between Siemens and Saint Mary. Indeed, WRM even cites to another provision of

the contract in its Complaint, which provision also occurs on an unsigned, uninitialed page. WRM cannot now be heard to attack the truth and accuracy of the document it attached to its Complaint.

WRM also attempts to manufacture ambiguity in the terms in the contract in order to circumvent the effect of the disclaimer. According to WRM, one provision of the contract giveth certain warranties whilst another taketh away. However, the terms of the warranties and the terms of the disclaimer fit neatly together, as the disclaimer refers to the warranties set forth in the contract and contemplates their continued existence while at the same time disclaiming any other warranties. WRM does not identify any implied warranties that could exist in spite of this disclaimer.[2] Because WRM has not alleged a theory under which it might plausibly recover on its breach of implied warranty claim, this claim must be dismissed.

WRM's breach of express warranty claim also fails. "When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." *CFC Investment, LLC, v. McLean*, 900 N.E.2d 716, 722 (Ill. App. Ct. 2008) (quoting *Kelrick v. Koplin*, 219 N.E.2d 758, 761 (Ill. 1966)). Here, the contract contains an integration clause, which provides: "The Agreement . . . constitutes the entire, complete and exclusive agreement between the parties relating to the services . . . and the equipment . . . to be provided . . . and shall supersede and cancel all prior agreements and understandings, written or

---

[2] In addition, as WRM argues that the UCC does not apply to the parties' transaction, the Court does not address WRM's argument that the disclaimer is unenforceable under the UCC.

oral, relating to the subject matter of the Agreement."[3]  Therefore, as a matter of law, there are no effective express warranties by Siemens that differ from the terms of the Agreement and any express warranties the Siemens made were superseded by the Agreement. As a result, WRM's claim for breach of express warranty must be dismissed.

In Courts IV and V, WRM asserts causes of action for negligence and gross negligence against Siemens. WRM lists several duties it argues it was owed by Siemens: the duty to design and install a system that would provide detection coverage for all areas where fire could reasonably be expected to occur; the duty to know and be familiar with applicable fire codes and regulations; the duty to advise Saint Mary of the available options to protect the buildings in question; the duty to advise Saint Mary of the major areas of the buildings that remained unprotected as a result of the system designed and installed by Siemens; the duty to comply with applicable fire codes and regulations and applicable standards of care; the duty to provide Saint Mary with a fully working fire alarm system as contemplated by the Agreement; and the duty to disclose known risks associated with not installing smoke detectors in the basement of Guerin Hall. Siemens argues that these duties are beyond the scope of the contract and what could be implied in law; therefore, the negligence claim must be dismissed.

WRM admits that the work performed by Siemens is governed by the following standard: "The Work performed by [Siemens] shall be conducted in a manner consistent with the degree of care and skill ordinarily exercised by reputable companies performing the same or similar Work in the same locale acting under similar circumstances and conditions." See Compl. ¶ 14. "Where the source of a party's duty to another arises from a contract, 'the tort law should not interfere.' . . . '[T]he question is . . . whether [the defendant] is alleged to have done anything that constituted

---

[3] WRM does not argue that any exception exists to the application of the integration clause.

an independent tort if there were no contract." *JPMCC 2006-CIBC14 Eads Parkway LLC v. DBL Axel, LLC*, 977 N.E.2d 354, 364 (Ind. Ct. App. 2012). Here, any duty existing between the parties arises out of this contractual provision; absent the contract, Siemens owes WRM no duty. Therefore, to the extent that WRM seeks to assert a negligence claim, it is dismissed.

However, as the Court reads it, the duties WRM alleges *may* fall under the contractual standard. WRM will ultimately have to prove that the actions and advisories it alleges should have been carried out would have been performed by a "reputable company performing the same or similar Work," but at this stage, it is plausible. Therefore, WRM's allegations are still relevant as a clarification of its breach of contract claim.

Turning to WRM's gross negligence claim, it too must be dismissed. While the parties dispute whether Siemens and Saint Mary's contractual relationship precludes claims for negligence or gross negligence, even if WRM could assert such claims, its claim for gross negligence is insufficient as pled. Gross negligence requires "a conscious, voluntary act or omission in reckless disregard of the consequences." *NIPSCO v. Sharp*, 790 N.E.2d 462, 466 (Ind. 2003). WRM has not pled any facts rendering such a situation plausible and this claim must therefore be dismissed.

Finally, Siemens moves to dismiss WRM's request for punitive damages and attorneys' fees. As the Court has dismissed all but WRM's claim for breach of contract, it need not address WRM's accompanying requests for punitive damages. With respect to attorneys' fees, Siemens' motion must granted. Even if, as WRM argues, "the insurer succeeds to all rights, remedies, and claims of its insured," generally attorneys' fees are not recoverable as damages unless they are provided for by some prior contract or statute. *E.g.*, *Goldstein v. DABS Asset Manager, Inc.* 886 N.E.2d 1117, 11121 (Ill. Ct. App. 2008). WRM has not pointed to any provision in the contract

or statute entitling it to attorneys' fees. Accordingly, to the extent WRM's claim for breach of contract requests relief in the form of attorneys' fees, that aspect of its claim for relief is dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Siemens' motion to dismiss is **GRANTED**.

SO ORDERED:   12/05/2012

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record vie electronic communication.